TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CHRISTINA R.B. LÓPEZ (Cal. Bar No. 312610)
IRICEL E. PAYANO (Cal. Bar No. 349141)
Assistant United States Attorneys
General Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2475/3899
Facsimile: (213) 894-0141
E-mail: christina.lopez@usdoj.gov
iricel.payano@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR MANUEL RODRIGUEZ,<br><br>Defendant. | No. 2:25-cr-00765-MEMF-1<br><br><u>GOVERNMENT'S TRIAL MEMORANDUM</u><br><br>Trial Date: March 23, 2026<br>Location: Courtroom of the Hon. Courtroom of the Hon. Maame Ewusi-Mensah Frimpong |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central

//

//

//

District of California and Assistant United States Attorneys Christina R.B. López and Iricel E. Payano, hereby files its Trial Memorandum.

Dated: March 4, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

/s/ Christina R.B. López
CHRISTINA R.B. LÓPEZ
IRICEL E. PAYANO
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# TRIAL MEMORANDUM[1]

## I. INTRODUCTION

Defendant Hector Manuel Rodriguez ("defendant") will soon stand trial for assault on a federal officer in violation of 18 U.S.C. § 111(a)(1). The offense is a felony, as the evidence will show that defendant intentionally and forcibly made physical contact with a federal officer engaged in the performance of his official duties.

This is a straightforward case. In the early morning hours of August 24, 2025, as Federal Protective Service ("FPS") officers, including Inspector P.S., were in the process of taking another individual into custody, defendant pushed P.S. and punched him in the back. In addition to the victim, other law-enforcement witnesses will testify that they witnessed the assault.

A bench trial is expected to commence on March 23, 2026, at 8:30 a.m. before this Court.

## II. Length of Trial and Number of Witnesses

Government Case: The government estimates that presentation of its case-in-chief will take approximately three hours, including defense's cross-examination. The government currently anticipates calling the following witnesses in its case-in-chief[2]:

- FPS Inspector P.S. (victim)
- FPS Inspector Charles Neighoff
- FPS Inspector Taherra Tate-Robinson
- FPS Inspector Rashawn Romney

---

[1] On March 3 and March 4, 2026, the parties met and conferred regarding the information in this trial memorandum.

[2] The government reserves the right to call additional witnesses in either its case-in-chief or rebuttal case (if any).

Government Exhibits: The government currently anticipates admitting 5-10 exhibits in its case-in-chief, consisting of camera footage and still photographs from the time of the assault.

Defense Case: According to defense counsel, the defendant will testify and the defense will present approximately 15 exhibits, consisting of video footage still photographs, in addition to potential impeachment exhibits. As set forth below, defendant has not given notice of his intent to rely on any particular affirmative defense.

**III. STATEMENT OF THE CHARGE**

Defendant is charged with assault on a federal officer in violation of 18 U.S.C. § 111(a)(1).

**A. Elements of the Offense**

To prevail, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted P.S.; and

Second, the defendant assaulted P.S. while P.S. was engaged in, or on account of, his official duties. Ninth Cir. Model Jury Instruction 8.1 (2022 ed.).

**B. "Forcible Assault" Explained**

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm. Ninth Cir. Model Jury Instruction 8.1 (2022 ed.).

**C. Mens Rea**

Section 111 is a general intent crime in the Ninth Circuit, and no intent to injure is required to prove this offense. United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir. 1990). Such a crime "requires only that the act was volitional (as opposed to accidental), and the defendant's state of mind is not otherwise relevant." United States v. Lamott, 831 F.3d 1153, 1156 (9th Cir. 2016).

**IV. LEGAL AND EVIDENTIARY ISSUES**

**A. Photographs and Video Evidence**

Both parties intend to introduce photographs and video footage at trial. Admitting a photograph or video into evidence requires that the proponent meet only a low hurdle for admissibility. "Under the Federal Rules, the witness identifying the item in a photograph need only establish that the photograph is an accurate portrayal of the item in question." People of Territory of Guam v. Ojeda, 758 F.2d 403, 408 (9th Cir. 1985) (interpreting Fed. R. Evid. 901(b)(1)). The Ninth Circuit has held that "[p]hotographs are admissible as substantive as well as illustrative evidence." United States v. May, 622 F.2d 1000, 1007 (9th Cir. 1980).

Photographs and videos should be admitted so long as they fairly and accurately represent the event or object in question. See United States v. Oaxaca, 569 F.2d 518, 525 (9th Cir. 1978). Notably, "the witness who lays the authentication foundation need not be the photographer, nor need the witness know anything of the time, conditions, or mechanisms of the taking of the picture." 32 McCormick on Evid. § 215 (7th ed.). Rule 901(a) simply requires that a proponent of evidence make a prima facie showing of authenticity so

that a reasonable juror could find "that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

**B. Lay Testimony**

Federal Rule of Evidence 701 "permits a lay witness to give opinion testimony as long as the opinion is (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." United States v. Pino-Noriega, 189 F.3d 1089, 1097 (9th Cir. 1999) (quotation marks omitted). The government anticipates eliciting testimony from its witnesses that defendant's pushes and punches of P.S. were purposeful – as opposed to an accident or a mere brush – based on defendant's observable traits, including his demeanor, body movements, and the nature of the strikes themselves.

**C. Scope of Cross-Examination of Defendant**

The defense has indicated that defendant will testify at trial. If a defendant testifies at trial, he waives his right against self-incrimination, and the government will cross-examine him on all matters reasonably related to the subject matter of his testimony. See, e.g., Fitzpatrick v. United States, 178 U.S. 304 (1971) ("The defendant cannot assert a self-incrimination privilege 'on matters reasonably related to the subject matter of his cross-examination.'"); United States v. Black, 767 F.2d 1334, 1341 ("What the defendant actually discusses on direct does not determine the extent of permissible cross-examination or his waiver. Rather, the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony.") (internal quotations and citation omitted).

The scope of cross-examination is within the discretion of the trial court. Fed. R. Evid. 611(b). The defendant has no right to avoid cross-examination on matters that call into question his claim of innocence. United States v. Mehrmanesh, 682 F.2d 1303, 1310 (9th Cir. 1982); United States v. Miranda-Uriarte, 649 F.2d 1345, 1353-54 (9th Cir. 1981). And the government may also introduce evidence if defendant "open[s] the door." See United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995), as amended on denial of reh'g (Apr. 11, 1995) ("When a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue.").

**D. Affirmative Defenses and Reciprocal Discovery**

Defendant has not given notice of his intent to rely on any entrapment or alibi defense, or any defense involving mental condition or duress, despite the government's request for such notice of intent. Nor has defendant given notice that he intends to present any other affirmative defense. Therefore, to the extent defendant may attempt to rely on an undisclosed affirmative defense, the government reserves the right to object and to move to preclude the defendant from asserting such a defense.

Defendant also has not produced any reciprocal discovery under Rule 16 of the Federal Rules of Criminal Procedure.[3] Rule 16 creates certain reciprocal discovery obligations on the part of defendants to produce three categories of materials that they intend to introduce as evidence at trial: (1) documents and tangible objects; (2) reports of any examinations or tests; and (3) expert witness disclosure.

[3] The government understands that a defense production consisting of three videos is forthcoming.

Rule 16 imposes on defendants a continuing duty to disclose these categories of materials. Fed. R. Crim. P. 16(b)(1)(A), (b)(1)(C), and (c). In those circumstances where a party fails to produce discovery as required by Rule 16, the rule empowers the district court to "prohibit that party from introducing the undisclosed evidence," or it may "enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2)(C) and (D). To the extent defendant may attempt to introduce or use any evidence at trial that he has not produced to the government, such documents should be excluded. See Taylor v. Illinois, 484 U.S. 400, 415 (1988) (defendant's failure to comply with, or object to, government's discovery request before trial justified exclusion of unproduced evidence).

If defendant serves defense discovery on the government mid-trial, the government will likely seek the Court's leave to take a brief recess in which to review the provided discovery, run necessary criminal background checks, and request offers of proof from the defense as to any previously undisclosed witnesses.