TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CHRISTINA R.B. LÓPEZ (Cal. Bar No. 312610)
IRICEL E. PAYANO (Cal. Bar No. 349141)
Assistant United States Attorneys
General Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2475/3899
Facsimile: (213) 894-0141
E-mail: christina.lopez@usdoj.gov
iricel.payano@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

HECTOR MANUEL RODRIGUEZ,

Defendant.

No. 2:25-cr-00765-MEMF-1

GOVERNMENT'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING BENCH TRIAL

Trial Date: March 23, 2026
Location: Courtroom of the Hon. Maame Ewusi-Mensah Frimpong

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central

//

//

//

District of California and Assistant United States Attorneys Christina R.B. López and Iricel E. Payano, hereby files its proposed findings of fact and conclusions of law. (See Dkt. 63.)

Dated: March 4, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

/s/
CHRISTINA R.B. LÓPEZ
IRICEL E. PAYANO
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## I. FINDINGS OF FACT

1. Inspector P.S. was at all relevant times an employee of the United States Federal Protective Service ("FPS"). Specifically, Inspector P.S. is an FPS Inspector.

2. In the early morning hours of August 24, 2025, Inspector P.S. and FPS Inspectors Nelson Figueroa, Charles Neighoff, Rashawn Romney, and Taherra Tate-Robinson were engaged in their official duties near the entrance to the Roybal Federal Building and United States Courthouse ("Roybal") located at 255 East Temple Street, Los Angeles, California 90012. This location is within the Central District of California.

3. At that time, an individual began behaving aggressively towards FPS officers. The individual threw an item at an FPS Inspector; punched and kicked a government vehicle that was approaching the Roybal garage; and shouted, threatened, and cursed at FPS Inspectors who directed the individual to step away from the government vehicle. FPS Inspectors initiated an arrest of this individual, which was within the scope of their official duties.

4. While Inspector P.S. was attempting to arrest this individual in coordination with other FPS Inspectors, that is, as Inspector P.S. was engaged in his official duties, defendant Hector Manuel Rodriguez ("defendant") intentionally intervened in the arrest.

5. Defendant intentionally and forcibly made physical contact with Inspector P.S. by pushing Inspector P.S. and punching Inspector P.S. several times in the back.

6. Defendant voluntarily and intentionally pushed and punched Inspector P.S., and defendant's conduct was not the result of a stumble, mistake, or accident.

**II. CONCLUSIONS OF LAW**

8. Under 18 U.S.C. § 111(a)(1), it is unlawful to forcibly assault, resist, oppose, impede, intimidate, or interfere with a designated federal officer.

9. To prove a violation of 18 U.S.C. § 111(a)(1), the government must prove beyond a reasonable doubt that (1) defendant forcibly assaulted a federal officer, namely, Inspector P.S.; (2) defendant did so while Inspector P.S. was engaged in, or on account of, his official duties; and (3) defendant made physical contact with Inspector P.S. There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm. See Ninth Circuit Model Jury Instructions, No. 8.1 (2022 ed.) (Assault on Federal Officer or Employee (18 U.S.C. § 111(a))).

10. Defendant forcibly assaulted, that is, intentionally struck, Inspector P.S. when defendant voluntarily and intentionally pushed and punched Inspector P.S. See id. A violation of 18 U.S.C. § 111(a) is a general intent crime, requiring only that defendant voluntarily and intentionally committed the physical acts in question. See United States v. Jim, 865 F.2d 211, 215 (9th Cir. 1989) (establishing that 18 U.S.C. § 111 is a general intent crime, meaning the government need only prove the defendant acted voluntarily and intentionally); see also United States v. Vela, 624

F.3d 1148, 1152-54(9th Cir. 2010) (reaffirming Jim and holding that because § 111 is a general intent crime, the government does not need to prove the defendant acted with a specific intent to injure or "willfulness"); United States v. Garcia-Camacho, 122 F.3d 1265, 1269 (9th Cir. 1997) (explaining that because § 111 is a general intent crime, the government is not required to prove that the defendant harbored an explicit intent to cause bodily injury, only the intent to commit the underlying forcible act).

11. Inspector P.S. was a federal officer who was engaged in his official duties at the time of the assault. The test for determining whether an officer is engaged in the performance of official duties is whether the officer is acting within the scope of what he is employed to do, as distinguished from a personal frolic of his own. See United States v. Ornelas, 906 F.3d 1138, 1149 (9th Cir. 2018). At the time of the assault, Inspector P.S. was on duty at Roybal, within the Central District of California, and was engaged in his official duties when he assisted in the arrest of an individual. In the Ninth Circuit, conducting an arrest falls squarely within the recognized scope of a law enforcement officer's employment. See United States v. Juvenile Female, 566 F.3d 943, 950 (9th Cir. 2009) (affirming an assault conviction under 18 U.S.C. § 111 and explaining that a government agent is engaged in official duties if they are "acting within the scope of what he is employed to do"); United States v. Span, 970 F.2d 573, 581 (9th Cir. 1992) (holding that a federal officer effectuating an arrest remains engaged in the performance of their official duties, unless the officer utilizes excessive force); Walks on Top v. United States, 372 F.2d 422, 424-425 (9th Cir. 1967) (upholding the jury's conclusion that a federal

officer was engaged in his official duties while conducting a lawful arrest operation).

12. Based on the evidence presented at trial, defendant intentionally and voluntarily pushed and punched P.S. while Inspector P.S. was engaging in his official duties and on account of Inspector P.S.'s official duties, that is, during the arrest of a third party, and with the motive to intervene in Inspector P.S.'s efforts to arrest the third party. Finally, in pushing and punching Inspector P.S., defendant made physical contact with Inspector P.S.

13. Based on the evidence presented at trial, the Court finds that the government has proven beyond a reasonable doubt that defendant forcibly assaulted a federal officer, that is, Inspector P.S., while Inspector P.S. was engaged in, or on account of, his official duties, and that defendant made physical contact with Inspector P.S. Because the Court finds that the government has proven beyond a reasonable doubt each of the elements of a violation of 18 U.S.C. § 111(a)(1), the Court finds defendant guilty of Count One of the Indictment.

IT IS SO ORDERED.

______________________ DATE

______________________________________ HON. MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE